## COLLINS, Adm'r, *v.* DAVIDSON.

*(Circuit Court, D. Minnesota. December 7, 1883.)*

1. CONTRIBUTORY NEGLIGENCE.
   A person cannot recover for injuries sustained by reason of the negligence of another, when he has himself been guilty of negligence, but for which the mischance would not have occurred.

2. SAME—SUDDEN FRIGHT.
   Imprudent conduct growing out of sudden fright is chargeable to the person whose negligence gave rise to the alarm.

3. ACTION FOR INJURIES CAUSING DEATH—MEASURE OF DAMAGES.
   Damages, in an action by personal representatives for injuries causing death, are measured by the pecuniary loss, including the deprivation of future pecuniary advantage occasioned thereby to those who take the benefit of the judgment

At Law.

*E. M. Card,* for plaintiff.

*C. K. Davis* and *Williams & Goodenow,* for defendants.

McCRARY, J., *(charging jury.)* This suit is brought by the plaintiff, as administrator of the estate of Frank Collins, deceased, to recover damages for personal injuries causing the death of said Frank Collins, which injuries, as plaintiff alleges, were caused by the negligence of the defendant or his agents. The suit is brought under and by virtue of the provisions of section 2 of chapter 77 of the Statutes of Minnesota, which is as follows:

"When death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action, had he lived for an injury caused by the same act or omission; but the action shall be commenced within two years after the act or omission by which the death was caused. The damages thereon cannot exceed five thousand dollars, and the amount recovered is to be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportions as the personal property of the deceased person."

The deceased, Frank Collins, came to his death by reason of a collision between the steam-boat Centennial and a small boat or skiff of which he was one of the occupants, at or near Lake City, on the Missisippi river, in this state, on the twelfth day of June, 1882. It is admitted that the defendant was at the time of the accident the owner, master, and captain of the said steamer, Centennial, and that at said time and place he and his agents and servants were navigating the said steam-boat. The plaintiff alleges that the collision, and consequent injury and death of the deceased, were caused by the wrongful act of the defendant, his agents and servants, in negligently running the said steam-boat upon the small boat aforesaid. This allegation is denied by the defendant, and this question, to-wit, was the defendant, through his servants and agents, guilty of negligence? is the first question for your consideration.

It was the duty of the defendant, and his agents and servants in charge of said steamer, to exercise ordinary care and prudence to avoid injury to persons in other boats or vessels in the river, and to avoid collision with other boats and vessels. A failure to exercise such care and prudence would be negligence, within the legal definition of the term. Negligence is the want of ordinary care; that is to say, the want of such care as a person of ordinary intelligence and prudence would exercise under the circumstances. If you find from the evidence, and upon due consideration of all the facts and circumstances shown thereby, that the persons in charge of the steamer Centennial were guilty of negligence within the rule as I have stated it, and that such negligence was a cause of the collision which resulted in the death of Frank Collins, then it will be your duty to find for plaintiff, unless you further find that said Frank Collins, or some of those in the small boat with him, were also guilty of negligence which contributed to—that is, had a share in causing—the collision. And in considering this question of contributory negligence you will be governed by the same rule as to what constitutes negligence that I have already given you; that is to say, the deceased, and those in the boat with him, were bound to use ordinary care and prudence in order to avoid the danger of collision, or such care as a person of ordinary intelligence and prudence would have exercised under the same circumstances, and a failure to do so would be negligence; and if it contributed to the injury it would be contributory negligence, and would defeat the plaintiff in the present action. It was the duty of the persons in charge of the steamer to keep a lookout and to avoid collision with the small boat, if by the exercise of ordinary care and diligence it was possible to do so. It was also the duty of Collins and the other persons with him in the small boat to look out for passing steamers and to keep out of the way of such steamers, if by the exercise of ordinary care and diligence they were able to do so. A failure of the persons on the steamer to perform this duty will, if proved, amount to negligence; a failure of the persons in the small

boat to perform this duty will, if proved, amount to contributory negligence. You will see, therefore, that you are to inquire and decide upon the evidence before you, and in the light of these instructions, these questions: (1) Were the servants and agents of the defendant who were in charge of the steamer guilty of negligence, which caused, or was one of the causes of, the collision? (2) If this question is answered in the affirmative, then was the deceased, Frank Collins, or any of the persons in the small boat with him, guilty of negligence which contribute to the collision and injury?

If you decide the first question in the negative, you need not consider the second, because the plaintiff's case must fail if the negligence of the defendant's agents and servants is not established. But if you decide the first question affirmatively, then you must consider the second, because the plaintiff cannot recover if the alleged contributory negligence has been established. In other words, in order to recover, the plaintiff must establish the negligence of defendant or his agents, and you must also find from the evidence that the deceased and those in the small boat with him were free from contributory negligence. By going into the small boat with the other persons on board of it, the deceased subjected himself to the consequences of their negligence, if any, in the control and management of the said boat.

In considering the question of the negligence of the persons in charge of the steamer, you will inquire whether the pilot saw or could have seen the small boat in time to avoid a collision; and if so, whether ordinary care was used to avoid such collision. And in this connection you will consider the question whether the course of the steamer was directly towards the small boat, or so far to one side as to have avoided the danger of collision, if the small boat had not been moved towards the line upon which the steamer was proceeding. In considering the question of contributory negligence, you will inquire, in the light of the evidence, whether, in the effort to lift the anchor by some one on the small boat or by any other means, the small boat was moved towards the line upon which the steamer was advancing, and if so, whether such movement of the small boat was negligence and contributed to the collision; or, in other words, whether, but for such negligent movement, if there was such, the collision would have occurred. In the light of all the evidence, and with special reference to these inquiries, you will determine the material question of fact as to negligence and contributory negligence, upon which your verdict must depend. In considering the evidence, you will bear in mind that the question, what is negligence? depends in some degree upon the circumstances of the particular case under consideration. The degree of care to be exercised depends upon the nature of the duty being performed and the extent of the danger attending the situation. The greater the danger, the greater the care required. A person having control of the machinery by which a steam-boat is propelled and guided, is bound to use such care to avoid collision with other vessels

as ordinary prudence would suggest. And so a person occupying a small boat in or near the usual channel of passing steamers, should use like care and caution. In the case of sudden and unexpected peril, endangering human life and causing necessary excitement, the law makes allowance for the circumstance that there is little time for deliberation, and holds the party accountable only for such care as an ordinarily prudent man would have exercised under these circumstances.

If the defendant was guilty of negligence in running his boat in a direction to bring him into collision with, or dangerously near to, the small boat, and if, by reason of such negligence, the persons in charge of the small boat were suddenly and greatly alarmed, and rendered for the moment incapable of choosing the safest course, then if what they did was the natural result of such fright and alarm, even if not the safest thing to do, it would not amount to contributory negligence. But if the steamer was proceeding in the usual course, and so guided as to avoid the small boat in case it had remained stationary, and so as not to go so near it as to endanger in any way the safety of the small boat, then the defendant was not guilty of negligence. If the pilot of the steamer directed his course so as to be sure of doing no injury to the small boat, he had a right to assume that the small boat would not be moved towards the line of the steamer. You will observe, therefore, that if you find that the persons in the small boat were suddenly alarmed and took measures for their safety when excited, and when incapable, by reason of the alarm and excitement, of deliberating and acting wisely, then you will consider and decide, from the evidence, whether such alarm was caused by the negligence of the persons in charge of the steamer. If it was, it will excuse the persons in the small boat of the charge of contributory negligence, provided they acted as men of ordinary prudence would have done under the circumstances. If the alarm was not the result of the negligence of the persons in charge of the steamer, or if it was a rash apprehension of danger which did not exist, it would not excuse the persons in the small boat for having adopted an unsafe course, if they did so.

If you find from the evidence that the persons in the small boat were not guilty of negligence, within the rule as I have stated, and that the accident was occasioned by the negligence of the persons in charge of the steamer, then you will find for plaintiff; otherwise, you will find for defendant. The burden is upon the plaintiff to show by a preponderance of evidence that the defendant was guilty of negligence. The burden is upon the defendant to show by a preponderance of evidence that the persons in the small boat were guilty of contributory negligence. If you find for plaintiff, you will then come to the question of damages; and in considering that question, if you come to it, you will bear in mind that you cannot find more than $5,000, but you may find that sum or any less sum. The measure of damages in cases of this character is as follows: If you find for

the plaintiff, you will allow him such damages as you deem to be reasonably sufficient to make good to the heirs of the deceased the pecuniary loss to them occasioned by his death, not exceeding the sum of $5,000. In determining this amount, if you come to the question, you may consider any evidence before you tending to show what was the reasonable expectation of pecuniary benefit to said heirs from the continuance of his life. The age of deceased, his pecuniary circumstances, his habits of industry, his accustomed earnings, measure of success in business, and the like, as far as they appear in evidence, are proper to be considered.